Dear Representative Faucheux:
You have requested the opinion of this office regarding a perceived conflict between the Public Bid Law, R.S. 38:2211 and following, and the Motor Vehicle Dealer Licensing Law, R.S. 32:1251 and following. The issue arose in the purchase of school buses where a parish school board received a low bid on two buses from an out of state dealer who is not licensed in Louisiana.
We do not find that a conflict exists. The operative portion of the Public Bid Law relevant to the purchase of school buses is R.S.38:2212.1A(1)(a), which provides:
 All purchases of any materials or supplies exceeding the sum of fifteen thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the specifications as advertised, and no such purchase shall be made except as provided in this Part. (Emphasis added.)
This language establishes three basic requisites for the award of a procurement contract. First, the bidder must be "responsible". Second, the product offered by the bidder must comply with the specifications for the item to be purchased. And third, the bidder must have offered the lowest price. The issue which you raise requires us to focus on the first of these prerequisites: is a bidder "responsible" when not licensed to sell vehicles in Louisiana?
While the Public Bid Law contains no definition of the term "responsible bidder" it is a widely used term in matters related to procurement. The American Bar Association's Model Procurement Code, February, 2000 Revision, provides this definition:
 Responsible Bidder or Offeror means a person who has the capability in all respects to perform fully the contract requirements, and the integrity and reliability which will assure good faith performance.
In several ways an unlicensed motor vehicle dealer fails to meet this definition of "responsible bidder". If, by selling buses to the school board, the bidder violates Louisiana law and, as a result, may be enjoined, fined and required to repurchase vehicles sold, then he does not have the "capability in all respects to perform fully the contract requirements". If the dealer is not licensed when legally required to be licensed, he does not have the "integrity and reliability which will assure good faith performance" of the sale contract. The bidder has failed the test as a "responsible bidder" and his bid should not be considered, much less made the basis of a purchase contract. The situation is not unlike requiring a lawyer, engineer or architect to be appropriately licensed before contracting to provide services to a public or private entity.
The legislature has made the policy decision that one must be licensed by the state to be a motor vehicle dealer. Having made this policy judgment for the state, it becomes the obligation of all public entities when making purchases to deal with dealers who are duly licensed pursuant to that law. I enclose for your reference previous correspondence from this office and from the Louisiana Motor Vehicle Commission to the St. John the Baptist School system regarding these issues.
Therefore, we find that rather than a conflict between the Public Bid Law and the Motor Vehicle Dealer Licensing Law, the two statutes must be applied together to fulfill the public policy objectives of both laws.
I trust that this answers your inquiry. Please let me know if we may be of any further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dam
 January 12, 2001
Mr. John L. Diasselliss, III Assistant District Attorney. P.O. Box 1286 LaPlace, LA 70069
Dear Mr. Diasselliss:
You have requested our advice on whether the St. John the Baptist Parish School Board (Board) may award a contract for the purchase of new school buses to a low bidder who is an out of state vendor. While there is no impediment to the Board contracting with an out of state vendor, where is a problem in contracting with a motor vehicle dealer who is not licensed as a dealer for such vehicles by the Louisiana Motor Vehicle Commission (LMVC). Therefore, it is imperative that the Board ascertain whether a bidder is properly licensed by the LMVC.
La.R.S. 32:1254N requires that a vendor of motor vehicles must be licensed appropriately for the proper classification of vehicle by the Louisiana Motor Vehicle Commission. Sale of vehicles by dealers without the required license is a violation of state law, and certainly not a transaction in which the School Board should participate. Given this legal requirement for motor vehicle vendors, a bidder who is not appropriately licensed is not a "responsible bidder" as required by the Public Bid Law. RS. 38:2212.1A(1)(a).
While it may bring clarity to the process, it is not necessary that your bid specifications mention a license requirement. With or without such a requirement in your specifications, an unlicenced dealer is not a responsible bidder and therefore should not be considered for award of the contract. Burgess E. McCranie, Jr. who serves as legal counsel to the LMVC, has provided me with a copy of a letter which he sent to you on November 1, 2000 which deals with this issue in more detail. We concur in his conclusions regarding the application of the law.
I trust that this answers your inquiry. Please let me know if we may be of any further assistance in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ GLENN R. DUCOTE Assistant Attorney General Chief, Public Finance Contracts Section
 November 1, 2000
John L. Diasselliss, III, Esq. 1101 Main Street LaPlace, LA 70069
Re: St. John Parish School Board/School Bus Bid
Dear Mr. Diasselliss:
We are writing you as attorneys for the Louisiana Motor Vehicle Commission. We are informed and have discussed with you a bid submitted to the St. John Parish School Board for school buses by a firm in Alabama.
The Louisiana Motor Vehicle Commission Law, LSA-R.S. 32:1251 et seq. (the "Law"). regulates a distribution of sale of motor vehicles in the state of Louisiana. To sell a school bus In this state a person must first obtain a license as a speciality vehicle dealer whether or not a place of business is maintained in this state.[1]
A school bus[2] is a specialty vehicle and a person who sells such a vehicle must be licensed us a speciality vehicle dealer.[3]
The Alabama dealer who submitted a bid for school buses to the St. John Parish School Board Is not licensed as a specialty vehicle dealer in this state, and may not sell school buses to the St. John Parish School Board.
Would you please forward to me the name and address of this dealer at your earliest convenience so that he may be cited for violations of the Law.
If you have any questions or would lake to discuss this further, please give me a call.
Sincerely,
Burgess E. McCranie, Jr.
BEM:jl
cc: Ms. Lessie House
[1] LSA-R.S. 32:1254N.(1)(a) Any person . . . engaging in business as, or serving or acting as a . . . specialty vehicle dealer . . . in this state must first obtain a license therefor in this Chapter, regardless whether or not said person . . . maintain or has a place or places of business in this state.
[2] LSA-R.S. 32:1252 (19.2) . . . "Speciality vehicle" includes . . . school buses . . .
[3] LSA-R.S. 32:1252 (19.3) Speciality vehicle dealer means arty person who holds a bona fide franchise in effect with a convertor or second stage manufacturer of speciality vehicles, and a license under the provisions of this Chapter . . . Such duly franchised and licensed speciality dealer shall be the sole person entitled to sell, publicly solicit, and advertise the sale of speciality vehicles as such.